## SPRADLEY v. HALL.
### No. 2275.

Court of Civil Appeals of Texas. Beaumont.
Feb. 15, 1933.

For original opinion, see 54 S.W.(2d) 1054.

Adams & McAlister, of Nacogdoches, for appellant.

Hodges & Greve, of Nacogdoches, for appellee.

O'QUINN, Justice.

Appellant has filed an extensive and well-briefed motion for rehearing. This has been supplemented by oral argument and also written argument urging said motion. The matters insisted upon are the same as on original hearing. Four questions are vigorously urged.

■ (a) It is insisted, as before, that, as the original way was supposed to be along the dividing lines of the various adjoining landowners, and as the line between the Combs and Neal surveys, the east line of the one being the west line of the other, are involved, the location of said line was a question of fact for the jury, and the court was not authorized in taking the case from the jury and instructing a verdict. This is but insisting again that the case was one of boundary, and the boundary line of the two surveys would locate the road, and that there was a dispute as to its true location on the ground. In our original opinion we held that "the true location of the road, as first established, dedicated, and used, is decisive, for wherever it was located controls." We still think that we were correct in so holding. Whether the old road, as first established, was absolutely on the dividing lines between the several landowners or not, is not the question. The true location of the old road, wherever situated, as to land lines, controls.

■ (b) It is also contended that the evidence, without dispute, shows the road to have been abandoned. This contention is based upon the fact that some years after the road was established the commissioners' court of Nacogdoches county recognized it as a public road, appointed an overseer, and apportioned hands to work same, and, after it so remained for several years, the commissioners' court discontinued the control of the road, and no longer apportioned hands to work same; in other words, it then ceased to be recognized as a public road. This was not such an abandonment of the use of the road by those residing on same as to work a legal discontinuance authorizing its obstruction by adjoining landowners. People who resided on said road and wished to continue its use and so used it could not be thus deprived of its use.

■ (c) It is further contended that the fencing of a portion of the road by appellant, in order to straighten out his fence line, by leaving sufficient space for persons traveling the road to go around his fence, was not such obstruction as warranted judgment ordering the obstruction removed, and that same was a question for the jury. As we before stated, and held, the obstruction extended quite or nearly all the way over the traveled bed of the road, and that this was a material and substantial interference with the use of the road. The fact that appellant may have left space sufficient for travelers to have gone around his fence is no defense to appellee's suit to open the road as it existed before.

■ (d) It is urged that the judgment designating the portion of the road to be opened is not supported by any pleading or proof, and that, if the road is opened, as per the court's judgment, it will be the granting of another and different right of way to the one pleaded and prayed for. We do not think the pleadings or the facts support this contention. The location of the road was described in the petition, and the judgment specifically sets out the portion to be opened by describing it to

begin at the center of the road and confining the side lines, or boundaries, to the proper number of feet on each side of the center of the road. We are unable to see any variance in location. In fact, the judgment specifically confines the part to be opened to the actual roadbed, as it existed on the ground.

We have carefully considered the matters presented in the motion for rehearing, and adhere to our former holdings. The motion is in all things overruled.