Mrs. Clyde R. SEVENER *v.* Joe H. FAULKNER
& Shelby Jean FAULKNER

5-6113                                                   488 S.W. 2d 316

Opinion delivered December 18, 1972
[Rehearing denied January 22, 1973.]

*Rhine & Rhine,* for appellant.

*No brief for* appellees.

Lyle Brown, Justice. This is a dispute over the right of appellees to the use of an old county road to gain access to their property, the county road having been replaced by a new state highway. It is contended on appeal that the court erred in holding that the old road had never been abandoned. It is also asserted that the court should have allowed damages for destruction of fencing.

The parties are next door neighbors in a rural area in Greene County. Their homes both face state highway 25. The state highway runs east and west and the homes are on the south side. Until that highway was built there was a county road running north and south and between where are now located the homes of the parties. Several years ago appellant had a survey made and discovered that the county road running between the houses was inside her east boundary line. Nothing was then done to change the east boundary fence; but in 1971 appellant moved her east boundary fence to the survey line. The effect of that move was to block appellees' entrance to their home. In other words they could no longer come off the old county road and go onto their property. Although the erection of the new fence cut off appellees it is of course still open to appellant and connects with her driveway which she constructed. (It is undisputed that the old county road, as it continues south past the subject properties, is no longer is use).

It is not disputed that the survey line is the correct boundary line between the parties. It is also undisputed that for many years (one witness recalled sixty years ago) the old county road has been used by the party litigants, their neighbors and predecessors in title, to gain access to the properties in question. The question is whether the rights of either of the litigants have been cut off by the passage of time, or by abandonment of maintenance by the county. We think not. See *Brumley* v. *State*, 83 Ark. 236, 103 S.W. 615 (1907); *Meek* v. *Love*, 197 Ark. 394; 122 S.W. 2d 606 (1938). In 39 C.J.S. Highways § 129 it is recited that when a public highway is abandoned it does not affect the private right of occupants along the old highway to the use of the old road for the purposes of ingress and egress. In *Spradley* v. *Hall*, 57 S.W. 2d 182 (Tex. 1933), the county discontinued maintenance of the road in question. In that circumstance the court said:

This was not such an abandonment of the use of the road by those residing on same as to work a legal discontinuance authorizing its obstruction by the adjoining landowners. People who resided on said

road and wished to continue its use and so used it could not be thus deprived of its use.

Nor do we find any merit in appellant's claim to damages for fencing. The chancellor held that a few old fence posts which were destroyed by fire when appellees burned an old barn on their premises were without value. The chancellor directed appellees to replace the new fence they cut as it existed prior to his having removed it and leave an unobstructed gap twenty-two feet wide to allow them ingress and egress. We think that requirement was sufficient to make appellant whole.

Affirmed.