RICHARD L. CUMBIE & another[1] vs. SYBIL GOLDSMITH
& others[2]
(and a companion case).

Nantucket. March 4, 1982. — September 8, 1982.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

Way, Private. Easement. Adverse Possession and Prescription.

An action to determine whether the owner of a right of way by prescription may lay utility lines under a portion of the way was remanded for findings on the issue whether certain abutting landowners had standing, on the basis of their claim of fee ownership to the middle of the way, to object to the installation of the underground utilities. [410-412]

CIVIL ACTIONS commenced in the Superior Court Department on April 25, 1980.

The cases were heard by Lynch, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

Thomas J. Freedman for Richard L. Cumbie & another.

Steven Greenzang (Michael Driscoll with him) for Sybil Goldsmith & others.

BY THE COURT. Richard and Daniele Cumbie own a small parcel of land at the western end of a private way, Wyer's Lane. The lane provides the only access to their parcel. Parcels owned by Sybil Goldsmith and Robert Epple are across Wyer's Lane from each other and abut Wyer's Lane and the Cumbies' parcel.[3] At trial, the parties stipu-

---

[1] Daniele H. Cumbie.

[2] Robert E. Epple and Adele S. Epple.

[3] Barbara Chapin, whose property also abuts Wyer's Lane, has not objected to the Cumbies' installation of underground utilities. The judge found that there were utility lines in Wyer's Lane servicing Chapin's property, but they did not extend beyond Chapin's property. The parties stipulated that Chapin agreed to let the Cumbies connect up to the existing lines.

lated that the Cumbies "have, as appurtenant to their property, a prescriptive right over the whole of Wyer's Lane from their property to North Center Street, that right being to pass and repass." The Cumbies now seek to extend their prescriptive use by placing utility lines under Wyer's Lane. Goldsmith and Robert Epple seek to enjoin the extension of the Cumbies' prescriptive use. Two separate actions to resolve this dispute were consolidated for trial.[4]

The trial judge permanently enjoined the Cumbies from installing the utilities, because "under the common law as it presently exists, they have no legal right to install underground utility lines beneath the surface of Wyer's Lane." In a summary order, the Appeals Court affirmed (*Cumbie* v. *Goldsmith*, 12 Mass. App. Ct. 1014 [1981]) on the ground that "[t]he Legislature has recently dealt with the problem and has not afforded any such privilege as that now sought by G. L. c. 187, § 5, as appearing in St. 1975, c. 610, and as thereafter amended by St. 1980, c. 251, with respect to a right of ingress and egress gained by prescription and not by deed."[5] We granted the Cumbies' application for further appellate review to consider whether the owner of a right of way by prescription may lay utility lines under a portion of the way. However, before we decide that issue, there is a question as to the standing of Epple and Goldsmith to object to the installation of underground utilities. Since the judge made no findings on that issue, we remand the case for further proceedings.

At trial, the Cumbies contested Epple's and Goldsmith's standing to object to the extension of the utility lines because neither Epple nor Goldsmith has a fee interest in the lane. At oral argument before this court, Epple and Goldsmith

---

[4] The Cumbies commenced this action by filing a "Petition for Declaratory Relief." G. L. c. 231A, § 1. Robert Epple and Sybil Goldsmith filed a complaint seeking to enjoin the Cumbies from extending the utility lines.

[5] In G. L. c. 187, § 5, the Legislature extended to owners of a grant of way by *deed*, the authority to lay underground utilities.

claimed that they owned, as abutters, a fee interest to the middle of Wyer's Lane. However, the trial judge found "[t]he state of the title as to Wyer's Lane is far from clear, and no evidence was offered as to the present fee ownership of same."

Neither party brought to the judge's attention the provisions of G. L. c. 183, § 58,[6] which might support Epple's and Goldsmith's claim of ownership to the middle of Wyer's Lane. Thus, the judge made no findings as to whether Epple's and Goldsmith's grantor had a fee in Wyer's Lane, or whether any of the exceptions in § 58 are applicable.[7] Since "[Epple and Goldsmith] must recover on the strength of [their] own title, not on the weakness of the [Cumbies']"[8]

---

[6] General Laws c. 183, § 58, as amended by St. 1973, c. 185, § 1, provides: "Every instrument passing title to real estate abutting a way, whether public or private, watercourse, wall, fence, or other monument, shall be construed to include any fee interest of the grantor in such way, watercourse or monument, unless (*a*) the grantor retains other real estate abutting such way, watercourse and monument, in which case, (*i*) if the retained real estate is on the same side, the division line between the land granted and the land retained shall be continued into such way, watercourse or monument as far as the grantor owns, or (*ii*) if the retained real estate is on the other side of such way, watercourse or monument between the division lines extended, the title conveyed shall be to the center line of such way, watercourse or monument as far as the grantor owns, or (*b*) the instrument evidences a different intent by an express exception or reservation and not alone by bounding by a side line." See *Emery* v. *Crowley*, 371 Mass. 489, 492 (1976).

[7] There is some indication in the record that Wyer's Lane may have been reserved as "a passageway," and, therefore, no party has more than an easement in the way. Since the deeds are not a part of the record on appeal, we cannot make that determination.

[8] For example, if Epple and Goldsmith merely own a right of passage in the lane, the court may not enjoin the Cumbies unless Epple and Goldsmith prove that "their rights [of passage] have been so interfered with as to be entitled to equitable relief." *Zimmerman* v. *Finkelstein*, 230 Mass. 17, 19 (1918).

Relying on *Nantucket Conservation Found., Inc.* v. *Russell Management*, 380 Mass. 212, 219 (1980), the Cumbies ask (assuming that Epple and Goldsmith have a fee interest in the lane) that we overrule the common law and permit an owner of a prescriptive easement to install underground utilities. Their request goes far beyond our suggestion in *Nantucket*, that, in an appropriate case, we may reconsider "the

(*Stefanick* v. *Fortona,* 222 Mass. 83, 87 [1915]; see *Quincy Oil Co.* v. *New England Road Mach. Co.,* 274 Mass. 419, 427 [1931]), we vacate the judgments and remand the cases to the Superior Court for further proceedings.

*So ordered.*

---

common law rule that the *general grant of a right of way* does not carry with it the right to make reasonable use of the way in order to gain underground access to utility services" (emphasis added). *Id.* We note that a prescriptive easement is unrecorded, while a general grant of right of way puts a purchaser on notice of the existence of the easement. Further, "[t]he extent of an easement arising by prescription, unlike an easement by grant . . . is fixed by the use through which it was created. . . . '[T]he use under which a prescriptive interest arises determines the general outlines rather than the minute details of the interest.' [Nevertheless,] the variations in use cannot be substantial; they must be consistent with the general pattern formed by the adverse use." *Lawless* v. *Trumbull,* 343 Mass. 561, 562-563 (1962), quoting Restatement of Property § 477 comment b (1944).