E. David Nylander & others[1] vs. Barbara Potter.

Franklin. March 5, 1996. - July 11, 1996.

Present: Liacos, C.J., Wilkins, Abrams, Lynch, & Greaney, JJ.

*Way,* Public: discontinuance. *Easement. Real Property,* Easement.

Landowners who owned property on both sides of a road discontinued as a town road in 1879 had full ownership interest in the roadbed; where abutters to the road further down the way did not claim an express easement, did not support their claim of easement by prescription, did not demonstrate conduct that would warrant an easement by estoppel and could not claim an easement by necessity, the abutters had no right to pass over the other landowners' stretch of the road. [161-163]

Civil action commenced in the Superior Court Department on September 19, 1989.

The case was heard by *John F. Murphy, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Wendy Sibbison* for the plaintiffs.

*William V. Hovey* for the defendant.

The following submitted briefs for amici curiae:

*Jeffrey M. Bernstein & Elisabeth C. Goodman* for Massachusetts Audubon Society, Inc.

*F. Sydney Smithers & Gordon H. Piper* for Massachusetts Conveyancers Association, Inc., & another.

*Michael Pill* for Franklin County Bar Association.

Abrams, J. The plaintiffs (Nylanders) appealed from that portion of a judgment entered in the Superior Court declaring that the defendant Barbara Potter,[2] and other abutters have a right to use a portion of Bachellor Road, a former town road,

---

[1] J. Lance Nylander and Janet Nylander.

[2] Russell Fellows, a friend of the defendant Potter, also is named as a defendant in the case. Fellows does not own any of the land involved in the dispute. For simplicity, we refer to a single defendant. See *Nylander* v. *Potter*, 38 Mass. App. Ct. 605, 605 n.2 (1995).

owned by the Nylanders and running through the Nylander property. The Appeals Court affirmed the judgment of the Superior Court. *Nylander* v. *Potter,* 38 Mass. App. Ct. 605 (1995). We granted the Nylanders' application for further appellate review and now reverse.[3]

We briefly recite the facts. The Nylanders and Potter each own land in the town of Warwick, bordering Bachellor Road. Bachellor Road runs north and south from a point of the easterly side of Hastings Heights Road through the property owned by the Nylanders (one hundred feet), then acting as the border between the Potter property and properties owned by the Nylanders (788 feet) and other owners, and continuing north until it crosses Athol Road.[4] The parties dispute their rights in the one hundred foot portion of Bachellor Road bordered on both sides by Nylander property and in the western half of the 788-foot portion bordered on the west by Nylander property and on the east by Potter property (the Nylander stretch).

Bachellor Road was a town road until a vote of discontinuance in March, 1879.[5] It has existed in substantially the same location and condition since at least 1793. It has been described in deeds in the Nylander chain of title back as far as April, 1837, and the Potter chain of title as far back as 1793. Currently, Bachellor Road is unimproved, rutted, and overgrown.

The Nylanders obtained their land to the east of Bachellor Road by inheritance from their father and their land to the west by direct conveyance in 1982. Potter acquired title to

---

[3]We acknowledge, with appreciation, the amicus briefs submitted by the Franklin County Bar Association; Massachusetts Conveyancers Association, Inc., and the Abstract Club; and the Massachusetts Audubon Society.

[4]An outline plan of the locus appears as an appendix to this opinion.

[5]Potter argued below, and again argues to this court, that Bachellor Road was never accepted by town meeting vote nor dedicated to the public and therefore always was a private way. The Superior Court rejected this claim, and determined that Bachellor Road was public until it was discontinued in 1879. The record does not support Potter's claim that the judge's determination on this issue was clearly erroneous. "[A] finding of fact by the trial judge will not be deemed 'clearly erroneous' unless the reviewing court on the entire evidence is left with the firm conviction that a mistake has been committed." *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 675 (1977). After reviewing the record, we conclude that the evidence supported the judge's conclusion. We therefore accept that conclusion for purposes of appellate review.

her property by direct conveyance in 1987. In July, 1988, Potter obtained a building permit to construct a residence on her property. The board of selectmen of Warwick also granted Potter permission to place two utility poles on Bachellor Road. Potter placed one of the utility poles on the disputed one hundred foot stretch of Bachellor Road bordered on both sides by the Nylanders' property. Potter and her friend, Russell Fellows, also accessed Potter's property by passing over the disputed stretches of Bachellor Road with heavy equipment for construction. They continued to travel over this portion of Bachellor Road after the Nylanders put up "no trespassing" signs and snow fences blocking access.

In 1989, the Nylanders filed a complaint seeking to enjoin Potter from travelling over the Nylander stretch of Bachellor Road and to order Potter to remove the utility pole and enjoin her from placing further utility lines and poles on this disputed portion of Bachellor Road. Potter counterclaimed seeking a declaratory judgment that she has the right to use the Nylander stretch of Bachellor Road for ingress and egress to her property and to place utility poles there. She also sought damages. The Superior Court ruled that Potter and other nonparty abutters had the right to use the Nylander stretch of Bachellor Road for access to their property. The judge, however, denied Potter the right to place utility poles on the disputed portion of the road. No damages were awarded. Both parties appealed. The Appeals Court affirmed the decision of the Superior Court, deciding that, as an abutter, Potter, on discontinuance of Bachellor Road as a public right, had an easement to travel over the entirety of Bachellor Road from Hastings Heights Road to Athol Road. The Nylanders sought further appellate review.[6] We now reverse.

---

[6]The Appeals Court affirmed the judgment of the Superior Court judge that Potter is prohibited from placing a utility pole on the Nylander stretch of Bachellor Road. Potter has not appealed from that decision and it is, therefore, not before this court. See *Bradford* v. *Baystate Medical Ctr.*, 415 Mass. 202, 205 (1993). We note, however, our agreement with the Superior Court judgment on this point. "[A] general right of way in . . . [a private way is] limited to purposes of travel (absent special language creating broader rights) and . . . [does] not include the installation of utilities." *Nantucket Conservation Found., Inc.* v. *Russell Management, Inc.*, 2 Mass. App. Ct. 868, 868 (1974), and cases cited therein. See also *Cumbie* v. *Goldsmith*, 387 Mass. 409, 411-412 n.8 (1982) (G. L. c. 187, § 5 [1994 ed.], which extended authority to lay underground utilities to possessors of right of way, applies only to those general grants of right of way expressed by deed).

When the town of Warwick discontinued Bachellor Road as a town road, the landowners abutting the road had full ownership interest in the roadbed.[7] *Wright* v. *Walcott,* 238 Mass. 432, 436 (1921). *Perley* v. *Chandler,* 6 Mass. 454, 456 (1810). See *Opinion of the Justices,* 297 Mass. 559, 562 (1937). The Nylanders, therefore, own the disputed one hundred foot stretch of Bachellor Road bordered on both sides by their property and the western half of the next 788 feet.[8] The Appeals Court, after recognizing the Nylanders' ownership rights, nevertheless concluded, "Although discontinuance of a public way terminates the public easement of travel . . . the

[7]A legal discontinuance, by town vote, of a road as a public way is to be distinguished from a discontinuance of maintenance under G. L. c. 82, § 32A (1994 ed.). A discontinuance of maintenance under G. L. c. 82, § 32A, merely relieves a municipality of liability for care and maintenance of the road. It, unlike a formal discontinuance by town vote, does not extinguish the right of the public, and abutting landowners, to travel over the road. *Coombs* v. *Selectmen of Deerfield,* 26 Mass. App. Ct. 379, 381 (1988). See *Sevener* v. *Faulkner,* 253 Ark. 649, 650 (1972); *Spradley* v. *Hall,* 57 S.W.2d 182 (Tex. Ct. App. 1933). Thus, a discontinuance of maintenance under § 32A would create a "public access" private way. The Superior Court judge erred in importing this analysis to a formal legal discontinuance of the road by town vote.

[8]The defendant maintains on appeal that the Nylanders do not own the disputed portion of Bachellor Road because the roads through the premises were "reserved and not conveyed" in a deed in the Nylanders' chain of title from "Whiting to Fisk." The Superior Court judge found that Bachellor Road was one of the roads referred to in the Whiting-Fisk deed but did not expressly decide whether the quoted language above operated to except the disputed portion of road from conveyance. He did determine that ownership of the roadbed reverted to the Nylanders' predecessor when the town discontinued that portion of Bachellor Road as a public way. "The general finding against the [defendant] imports a finding of all subsidiary facts essential to that result, so far as permissible on the evidence." *Erickson* v. *Ames,* 264 Mass. 436, 441 (1928). "[I]f upon all the facts thus displayed and the reasonable inferences of which they are susceptible, the ultimate finding is justified as matter of law, it must stand." *Rahilly* v. *Addison,* 350 Mass. 660, 662 (1966). We conclude that the finding is justified as matter of law since evidence established that Whiting owned no other land appurtenant to Bachellor Road and supported the conclusion that Whiting's intent was to ensure that the grant did not interfere with the public's right to travel over the public road, not to except a portion of the roadway for his heirs. See *Bessey* v. *Ollman,* 242 Mass. 89, 91 (1922) (deeds construed to give effect to intent of parties). The judge's finding that on discontinuance of Bachellor Road as a public way title in the roadbed reverted to the Nylanders was correct.

discontinuance does not terminate the private easement of travel which abutters enjoy . .... . [W]hen the town discontinued Bachellor Road as a town road, the abutters retained their private easement of travel over the road to and from their property." 38 Mass. App. Ct. at 609. We disagree and conclude that Potter does not have an easement to travel over the Nylander stretch of Bachellor Road. We reject both the Appeals Court's theory of a so-called "abutter's easement" and the Superior Court's theory of a "public access" private way as contrary to settled Massachusetts law.

The uncontroverted evidence establishes that the Nylander and Potter properties have always been separate and distinct parcels. Title in the two properties has never merged. Without previous common ownership, Potter cannot claim an easement by necessity.[9] See *Uliasz* v. *Gillette*, 357 Mass. 96, 102-103 (1970); *Patel* v. *Planning Bd. of N. Andover*, 27 Mass. App. Ct. 477, 481-482 (1989). Cf. *Teal* v. *Jagielo*, 327 Mass. 156, 157 (1951) (where common grantor conveyed one of two adjoining parcels as bounded by road and expressly including all rights the grantor had in the road, defendant [who claims under the same grantor] is estopped from denying that plaintiffs have an easement in road); *Frawley* v. *Forrest*, 310 Mass. 446, 451 (1941) (easement by implication where grantor conveys land as bounded by street or way owned by grantor); *Farnsworth* v. *Taylor*, 9 Gray 162 (1858); *Alden* v. *Murdock*, 13 Mass. 256 (1816). The record discloses no conduct by the Nylanders or their predecessors in title that would warrant an easement by estoppel.

There is no claim of an express easement by grant and Potter's claim of easement by prescription was unsupported by the evidence and was properly rejected by the Superior Court. Because the above listed methods are the only means recognized in Massachusetts in creating an easement of access, see *Silberlieb* v. *Hebshie*, 33 Mass. App. Ct. 911 (1992), we conclude that Potter holds no private easement which

---

[9]Potter's claim of an easement by necessity, if available in these circumstances, would fail because her parcel has access via Athol Road, a public way.

survived discontinuance of Bachellor Road as a public way.[10] Cf. *Rexroat* v. *Thorell*, 89 Ill. 2d 221, 228-229, cert. denied, 459 U.S. 837 (1982) (majority of other States hold that private easement which existed prior to abandonment of public way survives; otherwise, easement only implied if reasonably necessary for means of ingress or egress). We believe that sound public policy supports this result because an easement founded solely on the fact that land abuts a former public way would leave no indication in the public records and could prove disruptive to the title examination systems of this Commonwealth. The Massachusetts caselaw relied on by the Appeals Court, *Nylander* v. *Potter*, 38 Mass. App. Ct. 605, 609 (1995), is inapposite to our holding. Both *Wenton* v. *Commonwealth*, 335 Mass. 78, 80 (1956), and *Anzalone* v. *Metropolitan Dist. Comm'n*, 257 Mass. 32, 36 (1926), involved abutting landowners' rights in a public road that remained public.

This matter is remanded to the Superior Court where a judgment shall enter declaring that the Nylanders own the disputed one hundred foot stretch and Potter has no right to travel over the Nylanders' stretch of road.

*So ordered.*

---

[10]In the Commonwealth, the sole remedy for a landowner damaged by the discontinuance of a public road is monetary damages. G. L. c. 82, § 24 (1994 ed.). G. L. c. 79, § 10 (1994 ed.). *Wenton* v. *Commonwealth*, 335 Mass. 78, 80 (1956). *Morse* v. *Benson*, 151 Mass. 440, 441-442 (1890). Cf. *Lancy* v. *Boston*, 185 Mass. 219, 221 (1904) (where Legislature takes land for public use, statute which provides for damages is exclusive). A claim for monetary damages is only available if a parcel is rendered landlocked by the discontinuance of a public way. Potter and her predecessors, therefore, would have been ineligible for damages as the parcel fronts Athol Road, a public way.