Kevin Lane & others[1] vs. Zoning Board of Appeals of
Falmouth & others.[2]

No. 04-P-922.

Suffolk. April 7, 2005. - January 23, 2006.

Present: Lenk, Beck, & Cowin, JJ.

*Zoning*, Board of appeals: decision, Comprehensive permit, Condominium,
    Conditions, Access to public way. *Easement. Real Property,* Easement,
    Right of entry, Installation of utility lines. *Way,* Public: access.

In a civil action brought by abutters to a certain piece of property, challenging
    the decision of the defendant town zoning board of appeals to grant a
    comprehensive permit to the defendant developer to construct condominium
    units on the property, subject to the condition that the developer could
    establish that it possessed an easement to travel over, and install utilities
    in, the private portion of a way that connected the property to the public
    portion of the way, the judge properly granted summary judgment in favor
    of the defendants, where undisputed facts established that the developer
    had an easement for the purpose of access over the private portion of the
    way, which extended along a portion of the property [436-437]; moreover,
    this easement was not affected by the fact that the plaintiffs' titles were
    registered, where each plaintiff had notice that others might have rights in
    the private portion of the way similar to each plaintiff's own rights
    [437-438]; further, the developer, by virtue of the easement of access, had
    a concomitant right to lay utilities on or under the private portion of the
    way by virtue of G. L. c. 187, § 5 [438-439], and the judge could permis-
    sibly find that the easement in the private portion of the way would not be
    overburdened by the construction of the condominium units [439-440].
In a civil action challenging the decision of the defendant town zoning board
    of appeals to grant a comprehensive permit to the defendant developer, the
    judge properly entered summary judgment in favor of the defendants
    where, after the defendants met their burden to show an absence of
    evidence in support of the plaintiffs' case, the plaintiffs failed to proffer
    evidence showing a dispute as to a material fact. [440-441]

Civil action commenced in the Land Court Department on
June 21, 2002.

---

[1]Mary Lane and Frank Garrido.

[2]Robert S. Hurd, as trustee of Gerloff Real Estate Trust, and Gerloff Court,
Inc.

The case was heard by *Charles W. Trombly*, J., on motions for summary judgment.

*Edward W. Kirk* for the plaintiffs.

*Michael Markoff* for the defendants.

COWIN, J. The parties square off again over attempts to develop lot 16, located at the end of Gerloff Road in Falmouth. In 1993, following approval by the Falmouth planning board of a subdivision plan of defendant Robert S. Hurd, contingent on the applicant's right to pass over Gerloff Road, a judge of the Land Court determined that Hurd had no right to extend Gerloff Road southerly for access to the subdivided lots, and accordingly entered a judgment declaring the planning board's subdivision approval null and void. That judgment was affirmed by this court in an unpublished memorandum and order pursuant to our rule 1:28. See *Lane* v. *Hurd*, 38 Mass. App. Ct. 1125 (1995).

In 2001, defendant Gerloff Court, Inc., pursuant to a purchase and sale agreement with Hurd (as trustee of Gerloff Real Estate Trust) applied to defendant zoning board of appeals of Falmouth (board) for a comprehensive permit under G. L. c. 40B to construct twenty residential condominium units on lot 16. The board granted the permit on the condition, among others, that the applicant could establish that it possessed an easement to travel over, and install utilities in, the private portion of Gerloff Road (that portion is referred to hereinafter as the locus) that connected the public portion of Gerloff Road (as well as Lowry Road) to lot 16.[3]

The plaintiffs, Kevin and Mary Lane and Frank Garrido, are the owners respectively of lots 10 and 11. Lot 10 abuts the locus to the east, while lot 11 abuts the locus to the west. Each abuts lot 16 to the north, with the locus separating lots 10 and 11, then terminating at lot 16. Following the grant by the board of the comprehensive permit, the plaintiffs commenced the present proceeding appealing the board's decision and seeking declaratory relief. A different judge of the Land Court granted summary judgment for the defendants on all counts, while denying the plaintiffs' motion for summary judgment on counts II,

---

[3]We reproduce in the Appendix to this opinion a sketch showing the approximate location of the lots in question, Gerloff Road, and the locus.

III, and IV. In a timely appeal to this court, the plaintiffs assert that the judge erred in granting summary judgment on their prayer for judicial review of the decision to grant the comprehensive permit (count I) because review of such a decision is de novo, see G. L. c. 40A, § 17, and G. L. c. 40B, § 21, and the applicant failed to present evidence sufficient to support the board's decision. The plaintiffs further challenge the judge's determinations that the applicant has access to the locus along the frontage between the locus and lot 16 (count III); that the applicant may install utilities on or under the locus to service lot 16 (count II); and that, if any easement in the locus in favor of the applicant exists, it will not be overburdened by the construction of twenty residential units on lot 16 (count IV).[4] We affirm.

We address first the plaintiffs' contention, expressed in varying ways in counts II, III, and IV, that the comprehensive permit is unenforceable because the condition that it contains, i.e., that the applicant prove that it possesses an easement to travel over, and lay utilities in, the locus, cannot be fulfilled. In the 1993 Land Court decision, the first judge concluded that Hurd, with whom the present applicant is in privity, had approximately thirty feet of frontage along the western side of the locus, thereby owning a fee interest to the center line of the locus along such frontage, and thus by extension having an easement in common with other abutters to use the locus for access to, and egress from, lot 16 along the lot's frontage. The judge in the present case apparently viewed that decision as binding on him by virtue of principles of issue preclusion. See *Heacock* v. *Heacock*, 402 Mass. 21, 23 n.2 (1988); *Jarosz* v. *Palmer*, 436 Mass. 526, 530-531 & n.3 (2002). The judge was not moved by the argument of plaintiff Garrido that he had not been a party in the prior case and therefore could not be precluded from contesting the disposition, deciding that Garrido was in privity with his grantor, the Lillian R. Ginty Trust; that the Ginty Trust had agreed to be bound by the prior decision; and that the Ginty Trust had been adequately represented by Kevin and Mary Lane,

---

[4]The plaintiffs have not appealed with respect to the judge's adverse ruling on their claim in count V that the comprehensive permit authorizes development that is precluded in a related declaration of trust.

plaintiffs then as well as now. See *Mongeau* v. *Boutelle*, 10 Mass. App. Ct. 246, 249-250 (1980).

Our review of the present record persuades us, however, that the plaintiffs' claims need not be disposed of on the ground of issue preclusion because undisputed facts establish the right of access of Gerloff Court, Inc., over the locus. It is agreed that the southwestern corner of the locus extends along an interior portion at the north of lot 16 for a distance of 29.96 feet. Thus, the owner of lot 16 owns a fee interest to the middle of the locus. See G. L. c. 183, § 58, which codified what was already a general principle. See also *Suburban Land Co.* v. *Billerica*, 314 Mass. 184, 188 (1943). The owners of lots 10, 11, and 16 (effectively, the plaintiffs and Gerloff Court, Inc.) derive their titles from common grantors, specifically, Martha and Anna Gerloff. "[W]hen a grantor conveys land bounded on a street or way, he and those claiming under him are estopped to deny the existence of such street or way, and the right thus acquired by the grantee (an easement of way) is not only coextensive with the land conveyed, but embraces the entire length of the way, as it is then laid out or clearly indicated and prescribed." *Murphy* v. *Mart Realty of Brockton, Inc.*, 348 Mass. 675, 677-678 (1965), quoting from *Casella* v. *Sneierson*, 325 Mass. 85, 89 (1949). Accordingly, the summary judgment record establishes on undisputed facts, without reliance on the earlier Land Court decision, that Gerloff Court, Inc., has, at least as against the plaintiffs, an easement in the locus for the purpose of access to lot 16.

This conclusion is not affected by the fact that the plaintiffs' titles to lots 10 and 11 are registered. As a general proposition, holders of a certificate of title take "free from all encumbrances except those noted on the certificate," see G. L. c. 185, § 46, as appearing in St. 1981, c. 658, § 26, and a decree of registration "shall set forth . . . all particular . . . easements . . . to which the land or the owner's estate is subject." *Jackson* v. *Knott*, 418 Mass. 704, 710 (1994). It is agreed that easements in favor of the owners of lot 16 are not noted on the plaintiffs' certificates of title. There are, however, exceptions to the above principle. Thus, "[i]f an easement is not expressly described on a certificate of title, an owner, in limited situations, might take his

property subject to an easement at the time of purchase . . . if there were facts described on his certificate of title which would prompt a reasonable purchaser to investigate further other certificates of title, documents, or plans in the registration system . . . ." *Id.* at 711.[5]

Here, the deed to lot 10 registered by plaintiffs Kevin and Mary Lane refers to Gerloff Road as a boundary.[6] In addition, the deed and certificate of title refer to a subdivision plan (specifically, subdivision plan 7346-E dated September 10, 1954, filed in the land registration office at Boston, with a copy filed in the Barnstable County registry of deeds). This placed the grantees on notice that their property was bounded by a way in a subdivision, and that others might have rights in the way by which they would be bound. See *Jackson* v. *Knott, supra* at 712. With respect to lot 11, Garrido's certificate of title states that there is "appurtenant to said land a right of way . . . , said right to be exercised in common with all others now or hereafter lawfully entitled thereto." Thus, in his case as well, the certificate of title placed him on notice that rights in the locus similar to those that he had acquired might also be enjoyed by the owner of another abutting parcel.

Having determined that the defendants had rights of access across the locus, the judge then ruled that the defendants had a concomitant right to lay utilities on or under the locus pursuant to the provisions of G. L. c. 187, § 5.[7] The plaintiffs argue that the conclusion is error because the statute authorizes the place-

---

[5]The second exception is "if the purchaser has actual knowledge of a prior unregistered interest." *Jackson* v. *Knott, supra.*

[6]In his findings, the judge, perhaps merely adopting the finding of his predecessor in the earlier case, states that the deed provides that the premises are conveyed "subject to and with the benefit of all appurtenant rights and easements." The parties have not challenged the finding. Nevertheless, our examination of the deed, as well as the certificate of title, indicates that that language is not present. As set forth above, the result of the case is not affected.

[7]General Laws c. 187, § 5, as amended by St. 1988, c. 334, § 6, provides in relevant part: "The owner or owners of real estate abutting on a private way who have by deed existing rights of ingress and egress upon such way or other private ways shall have the right by implication to place, install or construct in, on, along, under and upon said private way . . . appurtenances necessary for the transmission of gas, electricity, telephone, water and sewer service, provided such facilities do not unreasonably obstruct said private way . . . ."

ment of utilities only where the owner of real estate abutting a private way obtains rights to use the way for ingress and egress by deed. Here, the argument continues, the defendants' right of access to lot 16 across the locus comes about by virtue of an easement by estoppel, not by grant in a deed, and therefore the right to lay utilities conferred by G. L. c. 187, § 5, is inapplicable.

Until recently, the question whether an implied easement by necessity or by estoppel constitutes an easement "by deed" for purposes of G. L. c. 187, § 5, remained unanswered. See *Nylander* v. *Potter*, 423 Mass. 158, 160 n.6 (1996); *Estes* v. *DeMello*, 61 Mass. App. Ct. 638, 641 n.9 (2004); Lombardi, Bailin, Hovey, & Pill, Massachusetts Easements and Land Use Restrictions II-51 (Professional Education Systems Institute 2003). However, we decided the question during the last term when we concluded that rights in a disputed way arose by implication or necessity based on the presumed intentions of the parties to the conveyances, and that as a result the easement rights effectively arose "by deed." See *Adams* v. *Planning Bd. of Westwood*, 64 Mass. App. Ct. 383, 392 (2005). We see no reason why that rationale would not apply to an easement by estoppel. As noted above, the estoppel giving rise to such an easement occurs by virtue of the language in a deed of conveyance, which language refers to the way as a boundary. See *Adams* v. *Planning Bd. of Westwood, supra.* Contrast *Cumbie* v. *Goldsmith*, 387 Mass. 409, 411-412 n.8 (1982), where the easement arose by prescription and thus was limited to the uses that created it. Accordingly, we agree with the judge that Gerloff Court, Inc., has rights in the locus pursuant to G. L. c. 187, § 5.

We agree also that the judge could permissibly find that the easement in the locus in favor of lot 16 will not be overburdened[8] by the construction on lot 16 of twenty residences. There is no showing here of overburdening in any of its usages. While an appurtenant easement cannot be used as a passage to or from land that is not appurtenant, see *Murphy* v. *Mart Realty of Brockton, Inc.*, 348 Mass. at 678-679; *Southwick* v. *Planning*

---

[8]For a brief discussion of the term "overburden" in this context, see *Southwick* v. *Planning Bd. of Plymouth*, 65 Mass. App. Ct. 315, 319 n.12 (2005).

*Bd. of Plymouth*, 65 Mass. App. Ct. 315, 318 (2005), the easement in the present case will not be used to benefit any land other than the abutting lot 16. Contrast *Boudreau* v. *Coleman*, 29 Mass. App. Ct. 621, 633-634 (1990), relied on by the plaintiffs, where the easement at issue was created to benefit less than the entire parcel. Likewise, there is no basis for concluding that the easement will be overburdened in the sense that the use will be different from what was contemplated at the time that the easement was created. Because the locus abuts lot 16, the owner of lot 16 has, as described above, an easement across the entire length of the locus. That easement served as access to lot 16 at the time of the conveyance to Hurd, and still does so.

The plaintiffs seek to make a case that the easement will be subjected to excessively frequent or intensive *use* compared to what is reasonable in light of its creation by implication. That development of lot 16, contrasted with its present status, will result in a larger number of people passing over the locus is a virtual certainty, but this by itself does not constitute overburdening. See *Guleserian* v. *Pilgrim Trust Co.*, 331 Mass. 431, 436 (1954). While continuous use of an easement in ways that diminish the value of adjoining property, or that unreasonably disturb the use of such property by the owners thereof, may sink to the level of an actionable nuisance, see *Swensen* v. *Marino*, 306 Mass. 582, 585 (1940), such a conclusion requires proof of facts by the parties who seek to limit use of the easement. Such proof is absent here.

Finally, the plaintiffs assert that summary judgment should not have been entered on their request for judicial review of the decision of the board granting the comprehensive permit because the burden in such a proceeding is that of the applicant and the burden has not been satisfied. That the defendants have the burden to establish that the permit was properly granted does not insulate the plaintiffs from summary judgment. Because the defendants met their burden to show an absence of evidence in support of the plaintiffs' case, the burden shifted to the plaintiffs to proffer evidence supporting their position. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711 (1991). The plaintiffs' attempt to meet that burden by challenging the existence and use of the

easement in the locus has failed, and the plaintiffs have offered no other evidence that would justify a conclusion that the comprehensive permit was improperly issued.

*Judgment affirmed.*