

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-233

|  |  |
|---|---|
| CHARLES A. SCHROEDER<br><br>APPELLANT<br><br>V.<br><br>TOWMATE, LLC<br><br>APPELLEE | **Opinion Delivered:** October 4, 2017<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CV-15-1108]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>REVERSED AND REMANDED |

## MIKE MURPHY, Judge

Appellant Charles A. Schroeder appeals the March 3, 2017 order denying him affirmative injunctive relief to access a certain road next to his property.[1] The Benton County Circuit Court denied Schroeder's request for a temporary restraining order and injunction, and the case proceeded to a bench trial. After a trial on the merits, the circuit court determined that Schroeder and the public had no right to use the road. Schroeder appeals, arguing that the circuit court erred in ruling that he had no right to access the county road in dispute and that the circuit court incorrectly ruled that a prescriptive easement had not been established. We reverse and remand.

---

[1]This is the second time this case has been before our court. We previously dismissed this case without prejudice for lack of a final order. *See Schroeder v. Towmate, LLC*, 2017 Ark. App. 83.

SLIP OPINION

The dispute in this case centers on Schroeder's right to the use of an abandoned county road to gain access to his property. The Delozier family once owned all the property that is involved in this case. The Deloziers acquired title to the land in 1959 and subsequently subdivided the land, which resulted in five separate title chains. When this case arose, Schroeder was the owner of two tracts of land the Deloziers had once owned. Schroeder's two parcels of land are referred to as "Tract 1" and "Tract 2." Appellee TowMate owned the remaining three tracts ("Tract 3," "Tract 4," and "Tract 5"). Tract 1 fronts the highway, and Schroeder uses it for his boat-repair business. Schroeder uses Tract 2, which is located directly behind Tract 1, as a residence. TowMate's Tract 3 wraps around Tracts 1 and 2 like a horseshoe. TowMate's Tracts 4 and 5 are directly east of Schroeder's tracts. The road in dispute is located on Tract 3—directly east of Tracts 1 and 2 and west of Tracts 4 and 5.

In 2015, TowMate submitted plans to construct a commercial building on Tract 3, and as a condition of development, TowMate was required to construct a screening fence. TowMate built a fence on top of the road, blocking Schroder's and the public's use of the road. The fence stood approximately one foot from the eastern boundary of Tract 1 and about forty feet from the front of the house located on Tract 2. Schroeder claimed that he and others used the road in question for ingress and egress onto Tracts 1 and 2. Schroeder filed suit asserting that the disputed road was a county road and that even if the road had been considered abandoned, he and the public had a continued right to use the road.

After a two-day bench trial, the circuit court determined that Schroeder and the public had no right to use the road. The court found that the road in dispute was at one point a county road but that it had since been abandoned, as it had not been used by the

public or maintained by any public entity since the 1960s. The circuit court further found that the use of the roadway was permissive after the abandonment of the county road. Schroeder timely filed this appeal.

In civil bench trials, the standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against a preponderance of the evidence. *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 333, at 6, 522 S.W.3d 834, 838. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a firm conviction that a mistake has been committed. *Id.* Facts in dispute and determinations of credibility are solely within the province of the fact-finder. *Id.*

The facts in this case are similar to the facts in *Sevener v. Faulkner*, 253 Ark. 649, 488 S.W.2d 316 (1972). There, the parties were next-door neighbors who shared access to a county road that ran north and south between their homes. It was undisputed that the old county road was no longer in use, having been replaced by a new state highway. The appellant had a survey made and discovered that the county road running between the houses was inside her east boundary line. Subsequently, she moved her east boundary fence, which then blocked the appellees' entrance to their home. The supreme court held that the fact that the county road had been replaced by a new state highway did not affect the rights of both parties to use the road ingress and egress, even though the old road was inside the boundary line of one of the parties.

We cannot distinguish the present circumstances in any meaningful way from those cited in *Sevener.* Here, the circuit court found that the road in dispute was at one time a

SLIP OPINION

county road and that it had since been abandoned. Under our precedent, when a public road is abandoned it does not affect the private rights of occupants to ingress and egress. *Sevener*, 253 Ark. at 650, 488 S.W.2d at 317 (1972). Furthermore, this property right is not diminished merely because the property owner has alternative means of ingress and egress. *Wright v. City of Monticello*, 345 Ark. 420, 429, 47 S.W.3d 851, 857 (2001). Therefore, it is immaterial that Schroeder could build a road through his Tract 1 to access Tract 2.

Because we must reverse on this point, we need not address Schroeder's remaining points on appeal. Accordingly, we reverse and remand to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

VIRDEN and GLOVER, JJ., agree.

*Daily & Woods, P.L.L.C.*, by: *C. Michael Daily*, for appellant.

*Kelley Law Firm, a professional limited liability company*, by: *Glenn E. Kelley*, for appellee.