JAMES F. KENNEY & another *vs.* ANDREA MARINO & another.

Worcester. February 11, 1966. — April 5, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Way*, Private: creation, extent. *Easement. Deed*, Construction, Property conveyed. *Words*, "Forever."

A deed of a parcel of land in 1893, containing a description of boundaries as running to and "by and with" a "private way" on other land of the grantors, a provision requiring the grantors "and their assigns" to keep open such way "forever" "for the benefit of grantee," and a habendum to the grantee "and his heirs and assigns . . . forever" of the granted parcel " with all the privileges and appurtenances thereto belonging," created a right of passage over the way which was not limited to the grantee in the deed but was appurtenant to the granted parcel and passed with it to successors in title of the grantee even though the right was not referred to in subsequent conveyances.

BILL IN EQUITY filed in the Superior Court on December 11, 1963.

The suit was heard by *Rose*, J.

*Carlton W. Spencer (J. Laurence Doyle* with him) for the defendants.

No argument or brief for the plaintiffs.

WHITTEMORE, J. The defendants have appealed from a final decree of the Superior Court enjoining them from passing over the plaintiffs' premises.

The plaintiffs and the defendants own and occupy adjacent premises on Purchase Street, Milford. At issue is the right of the defendants to use a private way on the plaintiffs' land, adjacent to the southerly side line of the defendants' property. In the defendants' chain of title is a deed dated March 27, 1893, that describes the premises in part

as follows: "Beginning at the northeasterly corner . . . thence southerly by and along said road . . . to a private way separating other land of the grantors; thence by and with said private way 89 feet more or less . . . ." The deed also provides that "[i]t is a condition of this deed that the grantors and their assigns shall forever keep open said private way for the use of teams or otherwise for the benefit of grantee." The habendum reads: "To have and to hold the granted premises, with all the privileges and appurtenances thereto belonging, to the said . . . [grantee] and his heirs and assigns, to their own use and behoof forever." This deed created an easement that ran with the land. The judge's ruling that it was limited to the immediate grantee was error. The absence of the words "and his heirs and assigns" after the words "for the benefit of the grantee" in the description of the easement is inconsequential. "It is the function of the habendum to declare the extent of the estate conveyed." *Brooks* v. *West Boston Gas Co.* 260 Mass. 407, 409.

The deed does not, as the judge ruled, show an intent to create only a limited personal right. The use of the word "forever" in stating the obligation of "the grantors and their assigns" to keep open the private way negatives any such implication, even if it could otherwise be thought present in the light of the habendum.

Additionally, the description of the parcel as bounded on the private way confirmed the creation of an easement of passage. *Murphy* v. *Mart Realty of Brockton, Inc.* 348 Mass. 675, 677–678.

The absence of a reference to the right of way in intervening deeds did not release it. The well settled rule that appurtenant easements pass by grant without specific mention (*Brown* v. *Thissell,* 6 Cush. 254, 257) was made statutory by St. 1912, c. 502, § 21, now in substance G. L. c. 183, § 15.

The final decree is reversed. A decree is to enter declaring that the right of way is appurtenant to the defendants' land. The defendants are to have costs of appeal.

*So ordered.*