JOHN A. DEERY & others[1] vs. DAVID V. FOSTER & another[2]
(and three companion cases[3]).

Essex. Suffolk. November 5, 1982. — March 31, 1983.

Present: HALE, C.J., GRANT, & SMITH, JJ.

*Easement. Real Property,* Registered land: easement.

An easement created by the plaintiffs' deed conveying a certain lot in a
subdivision to the defendants' predecessor in title, in language
specifically permitting use of a certain private way not only for access
to her lot in the subdivision but also for access to her abutting proper-
ty, passed to the defendants as purchasers of that lot and part of the
abutting property and, in the absence of any evidence that the defend-
ants' use would burden a subsequently-granted, nonexclusive easement
to use the way, entitled the defendants to use the way not only for ac-
cess to their lot in the subdivision but also to their abutting property on
which they were building a house. [568-570]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on October 17, 1980, November 29, 1980, and April 3,
1981.

The cases were consolidated and were heard by *Irwin*, J.,
on motions for summary judgment.

CIVIL ACTION commenced in the Land Court Department
on October 13, 1981.

The case was heard by *Sullivan*, J.

---

[1] Joanella G. Deery, Edward J. Riley and Margaret L. Riley.

[2] Rosie Uranga-Foster.

[3] As noted in the opinion, three actions were commenced by the Deerys
in the Superior Court in an attempt to block the Fosters from constructing
their house. The names of the actions are Deery *vs.* Foster and two ac-
tions entitled Deery *vs.* Board of Appeals of Marblehead. The actions
were consolidated, and a judge granted summary judgment in favor of
the Fosters in all the cases. The Deerys appealed, and their appeals were
consolidated with the appeal from the decision of the Land Court judge.

*John T. Ronan* for John A. Deery & others.

*Gary S. Matsko* (*Julian J. D'Agostine* with him) for David V. Foster & another.

SMITH, J.   The parties to these actions own land adjacent to Harbor Avenue, a public way in Marblehead, and all depend upon passage over a private road, Sean's Way, to gain access to their land from Harbor Avenue.   A decision by David V. Foster and his wife to construct a single-family house on their property caused the plaintiffs, John A. Deery, a lawyer specializing in real estate, and his wife to commence three separate actions in the Superior Court and one action in the Land Court seeking to prevent the construction undertaken by the Fosters.[4]   Their attempts failed, and these appeals have resulted.   In this opinion, we affirm the decision of the Land Court judge.   At argument, both counsel agreed that if that decision is affirmed the judgments in the Superior Court should also be affirmed.[5]

The controversy swirls around the extent to which the Fosters may make use of Sean's Way to gain access to their land.   In order to understand the issues raised by the parties, we summarize relevant portions of the findings of the Land Court judge.   In 1959, the Deerys owned three tracts of registered land, bounded on one side by Harbor Avenue, in Marblehead.   They combined the tracts and sub-

---

[4] During oral argument before the Land Court, counsel for the Deerys presented a motion to intervene as parties plaintiff made by Edward J. Riley and Margaret L. Riley, owners of lot 15 and apparently of lot 15B. The defendants did not oppose the motion, and it was allowed by the court.   Accordingly we treat the arguments advanced by the Deerys in behalf of the Rileys as if advanced by the Rileys themselves.

[5] The central question in the three Superior Court actions was whether the property of the Fosters constituted a buildable lot under the town of Marblehead zoning by-law.   Under the by-law, 100 feet of frontage is necessary, and the Fosters have 240 feet along Sean's Way.   The Deerys claimed that the Fosters could not count that frontage because they did not have access to their property from Sean's Way.   The Land Court judge held otherwise, and we affirm that decision in this opinion. Because the Fosters have adequate frontage along Sean's Way, their property constitutes a buildable lot, and the Superior Court judge was correct in granting summary judgments for the Fosters.

divided the resulting acreage into five parcels (lots 11-15, inclusive), and lot 15A on the accompanying sketch. The subdivision plan, which included a private road (Sean's Way) providing access to the interior lots, was approved under the Subdivision Control Law in July, 1960.[6] As shown on the accompanying sketch, Sean's Way was laid out and constructed along one side of the subdivision and abutted unregistered land owned by Barbara A. White (White), the Fosters' predecessor in title.

In 1961, Deery and White agreed to exchange some land. By deed dated January 5, 1961, but not registered by White until June 9, 1964, Deery conveyed lot 15A to White. In exchange, White conveyed to Deery lot 15B, title to which is unregistered, by deed dated May 15, 1964, and recorded on June 9, 1964.[7] The deed that conveyed lot 15A to White expressly conveyed an easement to use Sean's Way "for the purpose of passing and repassing on foot and by vehicle to Harbor Avenue, *all as appurtenant to all land now owned by the Grantee situated in said Marblehead*" (emphasis supplied). At the time of the conveyance, White owned land extending from Harbor Avenue, along Sean's Way, to lot

---

[6] The approval of the subdivision plan caused problems for Deery. Under the plan, access to Deery's home (shaded portion on lot 13 on the accompanying sketch) was by Sean's Way. The Marblehead zoning by-law then in effect provided that no building could be maintained within twenty feet of any street line. After the approval and construction of Sean's Way, the east end of Deery's house was 8.55 feet from the westerly boundary of Sean's Way. The town brought a bill in equity to enforce compliance. The Supreme Judicial Court denied mandatory injunctive relief on equitable principles. *Marblehead* v. *Deery*, 356 Mass. 532 (1969).

[7] The judge stated that it was unclear from the evidence whether the Deery-White deed was delivered close to the date which it bears (January 5, 1961) or to the date of its registration (June 9, 1964). The judge, however, found as a fact that the consideration for each deed was the mutual exchange, which was not completed until 1964. The judge noted that Deery granted a mortgage to a bank on land that included lot 15A on May 16, 1961, even though the mortgage was executed after the date of the deed to White. Therefore, the judge concluded that it was likely that the deed to White was delivered just prior to its registration and that White did not keep the deed off the record unreasonably.

15A.  In May, 1980, White conveyed portions of this property (lots A and B and 15A on the accompanying sketch) to the Fosters.  After that conveyance, the Fosters started to construct a house on their property, some distance removed from lot 15A.  In order to gain access to the building site, construction vehicles and the Fosters used Sean's Way.  The

Deerys sought an injunction barring the Fosters from using Sean's Way for the passage of construction vehicles. They also sought a declaration that the Fosters have a limited right to use Sean's Way for ingress to and egress from lot 15A only, and not to that portion of their property that abuts lot 15A. The Fosters sought a declaration that they have the right to use Sean's Way for access to all of their property and the right to tie into the utilities located in Sean's Way. G. L. c. 187, § 5, inserted by St. 1980, c. 251. The judge, after hearing, entered a decision declaring that the Fosters were entitled to use Sean's Way for access not only to lot 15A but to all of their property. In addition, the judge ordered that the Fosters cannot tie into the existing pipes and conduits without the consent of the Deerys, except for water mains, but may install their own pipes, conduits and other appurtenances in Sean's Way.

On this appeal the plaintiffs contend that the easement granted to White is limited to lot 15A alone because, as a result of the delay by White in failing to register her deed until 1964, rights superior to her easement arose as a consequence of conveyances made by Deery between the time the White deed was signed and the time it was registered. In particular, the plaintiffs point to Deery's conveyance, in 1962, of lot 15, which subsequently became the property of the plaintiffs Riley. By their certificate of title, filed in 1962, the Rileys obtained "the right to use Sean's Way in common with others entitled thereto." The plaintiffs suggest that because the Rileys took title to lot 15 without record notice of the White easement, that easement must be given only limited effect to avoid a de facto encumbrance on the Rileys' easement over Sean's Way.[8]

_____

[8] Deery also conveyed lot 12 to one Chitro, who subsequently conveyed it to Owen E. and Eileen B. Hearty. They have conveyed to the Fosters an easement, as appurtenant to lots A, B and 15A, to use Sean's Way for all purposes for which ways are commonly used in the town of Marblehead. Because we conclude that the easement granted to White by Deery conveyed the right to the Fosters to use Sean's Way for access to all their property bordering on that way, we do not discuss the effect of the Heartys' easement to the Fosters.

The plaintiffs' argument is flawed in several respects. As we have noted, the express terms of the easement granted by Deery to White conveyed the right to use Sean's Way, not only to gain access to lot 15A, but also to her adjoining property, which she eventually sold to the Fosters.[9] By law, that easement, possessed by White as owner of lot 15A and the adjoining tract, passed to the Fosters as purchasers of the White property. G. L. c. 183, § 15. *Kenney* v. *Marino*, 350 Mass. 534, 535 (1966). The plaintiffs do not cite any authority for their proposition that the Rileys, as grantees of an easement from Deery, were entitled to record notice of all those who held similar easements over the same way. It is well settled that Deery, as the grantor of the Rileys' easement, may continue to use Sean's Way for any purpose not inconsistent with the granted easement. *Texon, Inc.* v. *Holyoke Mach. Co.*, 8 Mass. App. Ct. 363, 366 (1979). *Western Mass. Elec. Co.* v. *Sambo's of Mass., Inc.*, 8 Mass. App. Ct. 815, 818 (1979). There is no basis for interpreting the Rileys' easement as exclusive. Indeed, the certificate explicitly stated that the easement was held in common with others entitled thereto. Compare *Butler* v. *Haley Greystone Corp.*, 352 Mass. 252, 256-258 (1967). Thus, Deery, as owner of Sean's Way, was free to grant easements in addition to that held by the Rileys, so long as any subsequent easements were neither inconsistent with nor a burden upon the Rileys' easement. *Pasadena* v. *California-Michigan Land & Water Co.*, 17 Cal.2d 576, 578-579 (1941). *Imbriaco* v. *Engel*, 112 N.J. Eq. 253, 256-259 (Ct. Ch. 1933). Cf. *Merry* v. *Priest*, 276 Mass. 592, 600 (1931); *Western Mass. Elec. Co.* v. *Sambo's of Mass., Inc., supra* at 818. It is therefore of no consequence that the Rileys' ease-

---

[9] At trial, Deery claimed that his grant to White was defective because when he granted the easement to White he did not own the entire fee in Sean's Way. The judge held that "it ill becomes the plaintiff Deery to dispute his own grant. Indeed I hold that the conveyance of [l]ot 15A to [White] and [l]ot 15B to Deery were one transaction, that White acted in reliance on the conveyance to her and that Deery is estopped in this proceeding to question it."

ment over Sean's Way was registered before White registered her easement over the same way.

The plaintiffs do not contend that the defendants' use of Sean's Way to gain access to a single residence will be a burden of any consequence on the Rileys' easement over Sean's Way. Nor is there any evidence that the temporary use of the way by construction equipment would overburden the easement, particularly where the vehicles do not pass by the Rileys' property and where any repairs necessitated by such use were ordered by the judge below to be undertaken by the Fosters at their expense.

The judgment entered in the Land Court, together with the judgments entered in the Superior Court, are affirmed.

*So ordered.*