Ripps, J.
This appeal, pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C, comes to us, not because the defendant is dissatisfied with the result, hut because it cannot figure out how the judge reached the result
On January 7,1998, City line purchased a flood damaged 1994 Lexus from Allstate at an auction held by Insurance Auto Auctions (IAA). On January 26,1998, *76 the plaintiff Bernard Mieth, purchased the vehicle from City Line for $13,900, receiving a salvage title.
Mieth and City Line were aware that extensive interior and engine repairs were needed to make the motor vehicle roadworthy, e.g., repair the flood damage, tires, new front seats, new front brakes, battery, air conditioning, heater control, stereo. Further, there would be the expense of shies tax, excise taxes, inspection and registration and insurance. Because of the expense, Mieth could not get the car on the road until August
While Mieth was driving his Lexus on October 19,1998, flying gravel damaged the hood, bumper and fenders. During repairs, the body shop uncovered two VIN numbers. The State Police then discovered that the vehicle was a stolen 1996 model and impounded it Mieth was not able to remove his improvements from the car.
On January 5,1999, Mieth filed a complaint against City Line for breach of contract (Count f), breach of implied and express warranties (Counts II and HI), intentional and negligent misrepresentation (Counts IV and V), and violation of 93A (Count VI}- City Line then brought an eight count Third-Party complaint against Allstate and IAA.
On July 30,1999, the judge allowed Mieth’s Motion for Summary Judgment on Count I, breach of contract, and Count III, breach of express warranty. At an Assessment of Damages Hearing on October 25,1999, Mieth requested as damages: the purchase price plus the costs for sales tax and registration, inspection, excise tax, U-Haul trailer rental, car detailing, used front seats, new battery, stereo, keys, tires, front brakes, air conditioning repair, heater control, rental car, loan payments and appraisal fee, totaling $25,178.18. Attorneys fees were left for discussion with the 93A claim. Both sides submitted a Memorandum of Damages. City Line did not file Requests for Rulings.
The judge entered judgment for plaintiff for $22,026.13. City Line’s Motion for Clarification was denied and it appealed. City Line does not argue that the judgment was unfair, but that the judge did not provide the parties with an itemized list of how he arrived at the figure.
District Court judges are not required to “find the facts specially and state separately ... conclusions of law” pursuant to Mass. R. Civ. P., Rule 52(a), but may do so under Rule 52(c). Where there are no requests for rulings filed by the defendant pursuant to Mass. R. Civ. E, Rule 64A, a mere objection to, or charge of error in, the trial court’s general finding for the plaintiff presents no question for appellate review. Ducker v. Ducker, 1997 Mass. App. Div. 147; McDonough v. Ferrari Pool N’ Patio, 2000 Mass. App. Div. 100, 101; Stigum v. Skloff, 433 Mass. 1101 (2001).
For the foregoing reasons, the appeal is dismissed.