Ripps, J.
In our decision in Mieth v. C.L.A.S, d/b/a City Line, et als., (Mieth I), 2001 Mass. App. Div. 75, issued May 14, 2001, we affirmed the trial judge’s non-categorical assessment of damages after summary judgment on Counts I and III of a six count complaint filed January 5, 1999 against City Line.[1] On June 8, 2001, City Line filed a Notice of Appeal to the Appeals Court. On June 18, 2001, Mieth moved to dismiss the appeal. The judge dismissed the appeal September 11, 2001, and City Line appealed that dismissal to this division on September 17, 2001. The matter came on for hearing in this division on May 29, 2002.
Mieth moved to dismiss the appeal to the Appeals Court on the ground that his case, which had six counts remaining, along with City Line’s eight count third-party claims against both Insurance Auto Auctions and Allstate Insurance Company, had yet to be resolved. Mieth argued, in essence, that another piecemeal appeal would frustrate the prosecution of his case, waste his resources and those of the judiciary.
City Line countered that: the appeal should lie since the plaintiff had not objected to their initial appeal; that it had to appeal the “final” judgment on Counts I and III in order to preserve its appellate rights; that the two third-parties also wanted the judge to specify how he calculated the damages and would eventually appeal the same issue if they did not receive specified damages; and that resolution of the issue might lead to a more prompt settlement among the City Line, Allstate and Insurance Auction, by way of indemnification or subrogation liability.
The plaintiff suggests that no appeal lies because there was no final judgment, citing Redfield v. Abbott Shoe Co., 335 Mass. 208 (1957), which says that
The test of the finality of a decision is whether it terminates the litigation on its merits, directs what judgment shall be entered, and leaves nothing to the judicial discretion of the trial court, and not whether it is *125 the last word of the appellate division on the particular aspect of the litigation at the moment pending before it, directing additional proceedings before the trial judge in order that a final conclusion may thereafter be reached. Id. at 209.
In this case, the clerk entered the judge’s finding of damages on Counts I and III at Docket Entry 49, pursuant to M.R.C.P., Rule 79, but did not enter a separate judgment as required by M.R.C.R, Rule 58(a).[2] A “Findings and Judgment” entered on a docket is no more than an order for judgment, and does not constitute an appealable judgment within the meaning of Mass. R. Civ. R, Rule 58(a). Leary v. Yacht Leasing Corp., 6 Mass. App. Ct. 961 (1978). A mere docket entry of a judgment “is not sufficient compliance with Mass. R. Civ. R, Rule 58(a)... [as]... a judgment is effective only when so set forth and when entered as provided in Rule 79(a).... Both these conditions must be met if a ‘judgment’ is to provide a basis for an appeal.” Levy v. Bendetson, 6 Mass. App. Ct. 558, 561 (1978).
Clearly, after summary judgment has been granted and no damages have been assessed an appeal does not lie unless the trial judge reports the matter pursuant to Dist./Mun. Cts. R A D. A, Rule 5. Ajalat v. Cohan, 1998 Mass. App. Div. 266 (1998). Herein however, City Line was understandably concerned about what appeared to be a final judgment because damages were assessed. As a result, it argues that even if it was not a final judgment, the plaintiff and the court treated it as such by allowing a trustee attachment And, it says that since the piecemeal appeal was considered the last time, it should be considered this time especially because the appellate filing clock is now ticking on our decision on Counts I and III.
We agree that neither the plaintiff nor this court suggested that the last appeal was premature. We could have, and probably should have said, as stated recently in Fabre v. Walton, 436 Mass. 517, 520-521 (2002), that
It is settled that absent “special authorization,” .... “an appellate court will reject attempts to obtain piecemeal review of trial rulings that do not represent final dispositions on the merits.”’ Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 565 (1995), quoting Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167, 169 (1977), and R.J.A. v. K.A. V., 34 Mass. App. Ct. 369, 372 (1993). The policy underlying this rule is that ‘a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant’ Borman v. Borman, 378 Mass. 775, 779 (1979), quoting Vincent v. Plecker, 319 Mass. 560, 563 n.1 (1946).
But, now in retrospect, without a separate judgment being filed per M.R.C.R, Rule 79(a), and therefore there being no final decision, we should not have entertained the initial appeal. By doing so, it has already led to piecemeal handling of the litigation and has spent judicial resources.
City Line is rightfully concerned about protecting its appellate rights. To preserve that right, we order the Clerk-Magistrate of the Westborough Division to issue no final judgments on Count I and HI, and to the extent that final judgments may appear to have been issued, they are vacated, leaving the decision of the judge standing.
*126 To resolve these matters, we request that the trial judge clarify his Assessment Of Damages on Counts I and III by specifying the categories of damages and then speedily try all remaining counts to conclusion.

 City Line filed a Memorandum of Damages delineating categories of damages which could or could not be awarded to compensate the plaintiff for losses resulting from his purchase from City Line of a car which was later determined to be stolen. Therefore, it expected the judge to specifically state the amounts for each category of loss. He did not Because the defendant had not filed requests for rulings per MRCP, Rule 64A, we upheld his decision.

 Every judgment shall be set forth on a separate document... A judgment is effective only when so set forth or filed and when entered as provided in Rule 79(a). M.R.C.R, Rule 58(a).