RICHARD CANNATA & others[1] *vs.* BERKSHIRE NATURAL
RESOURCES COUNCIL, INC., & others.[2]

No. 07-P-992.

Berkshire. September 4, 2008. - March 9, 2009.

Present: DUFFLY, KATZMANN, & VUONO, JJ.

*Subdivision Control,* Access ways. *Easement. Real Property,* Easement, Restric-
tions, Trespass, Nuisance. *Way,* Public: subdivision control, Public: access.
*Declaratory Relief. Trespass. Nuisance.*

In an action involving an undeveloped parcel of land (locus) that abutted a
subdivision, a Superior Court judge correctly entered a judgment declaring
that the defendant owner of the locus had the right to invite the public to
use the subdivision's ways to access the locus, where the defendant's predeces-
sor retained an easement over the subdivision's ways, and nothing in the
instruments creating the easement supported a reading that the "public" was
limited to persons invited by residents of the subdivision to come upon the
ways; and where the defendant's use of the easement was not inconsistent
with and did not unreasonably interfere with the nonexclusive easement of
the plaintiffs (owners of eight developed lots in the subdivision) [795-799];
further, because the easement permitted the defendant to invite the public
over the ways, and because the plaintiffs failed to establish that the defendant's
easement interfered with their own, the judge properly dismissed the plaintiffs'
claims of trespass and nuisance [802].
This court remanded a civil action for consideration whether a declaration of
restrictive covenants recorded in connection with a subdivision plan had
expired and whether an amendment thereto was valid. [799-802]

---

[1]Nancy Begbie, Christine H. Casarsa, Gary J. Casarsa, Stuart Dix, Mary
Ellen Foster, Robert J. Foster, Robert Lichter, Diane Scott Lichter, Marilyn
Lebowitz, Lawrence Y. Ong, Sheila Ong, R.E. Rutledge Jr., and Alice Fleming
Rutledge.

[2]Reed Rubin, Lara Ross Rubin, Maia Ayers Rubin, Peter Lyon Rubin, Stephanie
Lynn Ackler, Bayard Gordon, and Michael Permut, who filed answers to the
amended complaint, will hereafter collectively referred to as the "Rubin defend-
ants." Also named as defendants in the complaint and served were Douglas
Farr, Susan Kormanik, Hugo Monning, Jr., Berkshire Bank (Rutledge mortgagee),
First Alternative Mortgage Corp. (Casarsa mortgagee), Pittsfield Cooperative
Bank (Foster mortgagee), Salisbury Bank and Trust Company (Cannata mortga-
gee, successor to Canaan National Bank), Sovereign Bank (Ong mortgagee),
Wells Fargo Bank, N.A. (Dix mortgagee), and the Commonwealth.

CIVIL ACTION commenced in the Superior Court Department on June 28, 2002.

The case was heard by *Daniel A. Ford*, J., on motions for summary judgment, and entry of final judgment was ordered by him.

*Peter J. Brewer* for the plaintiffs.

*David E. Valicenti* for Berkshire Natural Resources Council, Inc.

*Karen M. Thursby* for Reed Rubin & others.

DUFFLY, J. The owners of eight developed lots in a subdivision in the town of Alford brought this action against Berkshire Natural Resources Council, Inc. (Berkshire), a charitable corporation dedicated to the preservation of outdoor space. Berkshire owns a large undeveloped parcel consisting of about 800 acres (locus) abutting the subdivision, access to which is over the ways of the subdivision. The plaintiffs and Berkshire have easements over the ways; the defendant Reed Rubin holds the fee in the ways; the Rubin defendants, see note 2, *supra*, own undeveloped lots in the subdivision. Learning of Berkshire's plans to open the locus to the public for recreational purposes, the plaintiffs sought a declaration that Berkshire has no right to invite the general public to access its property by use of two of the ways, and that a "Declaration of Restrictive Covenants" (Declaration) recorded in connection with the subdivision plan has expired and a purported amendment thereto (Amendment) is invalid.[3] Berkshire filed a counterclaim seeking a declaratory judgment that Berkshire has the right to invite the general public across the ways, that the Declaration has not expired, and that the Amendment thereto is valid; it also sought dismissal of the plaintiffs' amended complaint.

Acting on cross motions for summary judgment, a Superior Court judge granted the defendants' motion and entered a judgment declaring that Berkshire has the right to invite the public

---

[3]The validity of the Amendment also relates to a claim that the plaintiffs were granted rights under the Declaration to the use and enjoyment of certain common property. The plaintiffs further claim that use of the ways by the public would constitute a nuisance to them and a trespass upon the ways. In addition to declaratory relief, the amended complaint seeks damages and injunctive relief.

to use the subdivision ways to access the locus. The plaintiffs' claims were dismissed.[4] The parties' joint motion for entry of final judgment was thereafter granted.[5]

In their appeal from that judgment, the plaintiffs argue in essence that the ways are (and were designed) for residential use and that references to the public in the various easement grants are intended only to reflect that members of the public may use the ways to visit the residents of the subdivision. They further claim that permitting the general public to use the subdivision ways to access the locus will "overburden" their easement rights by creating additional traffic and by increasing the plaintiffs' maintenance costs and exposing them to unforeseen liability. Upon our independent review of the appropriate summary judgment materials, we affirm the judgment declaring that Berkshire

[4]The judge dismissed the plaintiffs' amended complaint insofar as it requested injunctive relief and damages for trespass and nuisance; the plaintiffs appeal from the dismissal of this claim. The parties agreed to the dismissal with prejudice of the plaintiffs' claim of an invalid taking.

[5]The parties' joint motion requested "that the Court enter final judgment on all claims as to the parties who have appeared pursuant to [Mass.R.Civ.P.] 54." Rule 54(b), 365 Mass. 820 (1974), provides that "the court may direct the entry of a final judgment as to one or more but fewer than all the claims" in cases involving multiple claims or multiple parties. The prerequisites for a valid rule 54(b) certification do not appear to have been met here. See Long v. Wickett, 50 Mass. App. Ct. 380, 385-393 (2000).

Nor does Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974), which defines a final judgment to "include a decree and mean the act of the trial court finally adjudicating the rights of the parties affected by the judgment, including . . . judgments entered under . . . Rule 52(a)" apply. Rule 52(a) of the Massachusetts Rules of Civil Procedure, as amended, 423 Mass. 1402 (1996), requires that in jury-waived trials "the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to [Mass.R.Civ.P. 58, as amended, 371 Mass. 908 (1977)]," which in turn requires judgments to "be set forth in a separate document."

The parties may have intended to invoke that aspect of rule 58(a) providing for entry of judgment by agreement or stipulation. When judgment is by agreement or stipulation, a separate document setting forth the judgment of the court is not required. However, as we discuss, see part 3, infra, there is no judgment declaring that the Declaration has not expired and the Amendment thereto is valid; the parties' stipulation of dismissal does not dispose of the issue; and we disagree with the parties that the judge declared the Amendment to be valid. The judge's comments in his memorandum of decision, see note 19, infra, were insufficient to declare the rights of the parties. See Perini Corp. v. Building Inspector of N. Andover, 7 Mass. App. Ct. 72, 79 n.12 (1979).

has the right to invite the public to use the subdivision ways to access the locus and dismissing the plaintiffs' claims for nuisance and trespass. We remand for such additional proceedings as may be necessary to permit the judge to declare any remaining rights of the parties.

*Discussion.* 1. *Berkshire's motion for summary judgment.* "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as matter of law." *Kanamaru* v. *Holyoke Mut. Ins. Co.,* 72 Mass. App. Ct. 396, 398 (2008). "A motion for summary judgment is properly granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with [supporting] affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *MacLean* v. *Delinsky,* 407 Mass. 869, 874 (1990), quoting from Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). "While a judge should view the evidence 'with an indulgence in the [opposing party's] favor,' *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Eng'rs, Inc.,* 396 Mass. 818, 822 (1986), quoting *National Ass'n of Gov't Employees, Inc.* v. *Central Broadcasting Corp.,* 379 Mass. 220, 221 (1979), cert. denied, 446 U.S. 935 (1980), the opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." *LaLonde* v. *Eissner,* 405 Mass. 207, 209 (1989), citing *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 554 (1976). "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." *Cullen Enterprises, Inc.* v. *Mass. Property Ins. Underwriting Assn.,* 399 Mass. 886, 890 (1987), quoting from *Madsen* v. *Erwin,* 395 Mass. 715, 721 (1985).

We note at the outset that neither the amended complaint nor the counterclaim is verified. "Only if the plaintiff files a verified complaint is the complaint treated as an affidavit for purposes of [Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974)]." *Harrison* v. *Boston Financial Data Servs., Inc.,* 37 Mass. App. Ct. 133, 136 n.9 (1994), quoting from *Godbout* v. *Cousens,* 396 Mass. 254, 262 (1985). See *Fortenbacher* v. *Commonwealth,* 72 Mass. App. Ct. 82, 88 (2008), quoting from rule 56(e) ("affidavits shall be made

on personal knowledge, shall set forth such facts as would be admissible in evidence, and . . . [s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith").[6] The parties, and motion judge, rely on documents referred to in the amended complaint and the parties' memorandum.[7] We thus summarize the undisputed material facts, gleaned from the documents relied on by the parties, see *J.F.* v. *J.F.*, 72 Mass. App. Ct. 782, 790 n.12 (2008), concessions made by them on the record, see *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 126 (1982) (admissions made by counsel during oral argument on motion may also be considered), and appropriate summary judgment materials, in the light most favorable to the plaintiffs.

Prior to 1970, Berkshire Mountain Corporation (Mountain) was the owner of a large tract of undeveloped land in Alford. In 1970, Mountain established the residential subdivision, called Berkshire Village, by subdivision plan recorded with the Southern Berkshire registry of deeds, from which the plaintiffs derive their lots.[8] Each of the plaintiffs' deeds contains a reference to the Declaration, a document dated December 14, 1970, and fully captioned as "Declaration of Restrictive Covenants for Berkshire Village — Section A; The Berkshire Mountain Corporation, Alford, Massachusetts," that was recorded with the registry of deeds along with the subdivision plan.

[6] The defendants submitted no affidavits. The plaintiffs submitted two affidavits by plaintiff Mary Ellen Foster, both dated September 13, 2006. In one, she states, in part, that she kept "the records of the expenditures for the plowing, maintenance and repair of Mountain Road and Old Village Road," that she collected the funds for these expenses, indicating the amounts collected for 2004, 2005, and to September 2006, and that Berkshire and Reed Rubin made no contribution. Other statements are inadmissible and must be disregarded. See *Billings* v. *GTFM, LLC*, 449 Mass. 281, 295 (2007). Foster also states in this affidavit, and repeats in the second, that she searched the records at the Southern Berkshire registry of deeds for "any extension or modification of the Restrictive Covenants" and found only the "Amendment recorded June 11, 2002."

[7] "We note with frustration the more and more typical phenomenon, present in this case, of a . . . court having to decide a motion for summary judgment without the assistance the court should expect from counsel." *Godbout* v. *Cousens*, 396 Mass. at 263 n.12, quoting from *Stepanischen* v. *Merchants Despatch Transp. Corp.*, 722 F.2d 922, 927 (1st Cir. 1983).

[8] The eight subdivision lots sold to the plaintiffs are the only lots that had been developed as of the date of this action.

The subdivision consists of thirty-six residential lots and three ways. Access to the plaintiffs' lots is by means of an easement over two of the ways, Mountain Road and Old Village Road. The easement grant "of ingress to and of egress from any such lot, over and along the roads now existing or which may be constructed hereafter by Mountain or its successors" is "subject to the rights of Mountain, and all others to whom such rights have been or may be given and of the public."[9]

Mountain retained title to the fee interest in the ways and the approximately 800-acre parcel of land adjacent to the subdivision. The defendant Reed Rubin is the successor in title to Mountain with respect to the ways and the retained land.[10] In 2002 Reed Rubin sold the locus to Berkshire, together with an easement over the ways of the subdivision for access to the locus. The deed from Reed Rubin to Berkshire grants to Berkshire,

"its successors and assigns, and its and their agents,

[9]The Declaration, which as previously noted was recorded in 1970 along with the subdivision plan, provides in part as follows:

"9. *Owners' Easements of Enjoyment*:

"A. Subject to the provisions of subparagraph (B) the owner of any lot shall have a nonexclusive perpetual right and easement of enjoyment in and to the Common Property and such easement shall be appurtenant to and shall pass with the title to every lot."

". . .

"10. *Roads and Rights-of-Way*:

". . .

"B. The owner of any lot shall have the right, subject to the rights of Mountain, and all others to whom such rights have been or may be given and of the public, of ingress to and of egress from any such lot, over and along the roads now existing or which may be constructed hereafter by Mountain or its successors, in Berkshire Village — Section A, connecting such lot with the public highway, together with the right to use, in common with Mountain and others to whom the rights have been or may be granted hereafter, the sewer, gas and water mains and electric light and telephone wires, poles and appurtenances laid or to be laid by Mountain in or on such roads."

[10]Reed Rubin acquired the property from Saul Miller by deed dated December 15, 1982. Saul Miller had obtained the property from Mountain by way of a foreclosure deed.

Reed Rubin and defendants Lara Ross Rubin, Maia Ayers Rubin, Peter Lyon Rubin, Stephanie Lynn Ackler, Bayard Gordon, and Michael Permut are the owners of other property that is located along the ways.

employees and invitees, including the public a non-exclusive, perpetual right[] of way for all the usual purposes of a right of way over, under and upon said Mt. Road, said Old Village Road and a parcel of land conveyed to the grantor herein by deed of Green River Lumber, Inc. . . . which shall be appurtenant to the land conveyed by this deed and shall run with the land."

2. *Scope of parties' easements.* The plaintiffs claim that references to "the public" contained in the easement grants to them do not permit Berkshire to invite the general public onto the ways in order reach the locus. They argue that language in the Declaration stating that the "covenants, conditions, restrictions and reservations are imposed . . . to promote orderly development of Berkshire Village . . . as a residential development," supports their claim that the ways may only be used for residential purposes.[11]

There is no provision in the Declaration or in any other document in the summary judgment record that specifically restricts the easements over the ways to use by residents of the subdivision and their invitees. It is well established that an "easement is not to be limited to such use as seemed likely to be made about the time of the conveyances which created it. In the absence of express limitations, . . . a general right of way obtained by grant may be used for such purposes as are reasonably necessary to the full enjoyment of the premises to which the right of way is appurtenant." *Tehan* v. *Security Natl. Bank of Springfield*, 340 Mass. 176, 182 (1959).

"The extent of an easement depends on the circumstances of its creation . . . . When created by conveyance, the grant or reservation 'must be construed with reference to all its terms and the then existing conditions so far as they are illuminating.' " *Lowell* v. *Piper*, 31 Mass. App. Ct. 225, 230 (1991), quoting

---

[11]There is one deed (to the plaintiffs Lawrence Y. Ong and Sheila Ong) in the summary judgment record. This deed conveys an easement in the ways. The plaintiffs challenge the motion judge's assumption that all of the plaintiffs' deeds contained similar language. In doing so, the judge may have considered the plaintiffs' failure to refute the existence of such language either by way of any affidavit or submission of the other deeds. Because Berkshire's claim that the deeds all contain the language is similarly unsupported, we rely solely on the uncontested facts and unchallenged documents.

from *Mugar* v. *Massachusetts Bay Transp. Authy.*, 28 Mass. App. Ct. 443, 444 (1990). A reviewing court must "construe the scope of an easement from the parties' intent . . . ascertain[ed] from the relevant instruments and the objective circumstances to which they refer." *McLaughlin* v. *Selectmen of Amherst*, 422 Mass. 359, 364 (1996). Here, the language of the plaintiffs' easement expressly states that "[t]he owner of any lot shall have the right, subject to the rights of Mountain, and all others to whom such rights have been or may be given and of the public," over the subdivision's ways. At the time the subdivision was created and the plaintiffs' predecessors in title purchased their lots, it was evident that the subdivision abutted an approximately 800-acre parcel of undeveloped land owned by Mountain and that the plaintiffs' rights to pass over the ways was subject to those of Mountain. Nothing in the instruments or the objective circumstances supports a reading that the word "public" must be limited to those persons invited by the residents of the subdivision to come upon the ways.

It is also relevant that Mountain retained the fee in the ways and the defendant Reed Rubin has succeeded to Mountain's rights in the fee. Thus, even if the easement grant to the plaintiffs had contained a residential restriction, Reed Rubin could grant a broader easement to Berkshire. The owner of a way already subject to an easement is free to grant additional easements "so long as any subsequent easements [are] neither inconsistent with nor a burden upon the [previously granted] easement." *Deery* v. *Foster*, 15 Mass. App. Ct. 564, 569 (1983). Moreover, the easement granted to the plaintiffs in the present case included an express statement that it was subject to the rights of others to whom such rights may be given.

The plaintiffs do not argue that the language in the easement grant to Berkshire should be read to preclude the general public from coming upon the ways. Rather, relying on *Western Mass. Elec. Co.* v. *Sambo's of Mass., Inc.*, 8 Mass. App. Ct. 815, 818 (1979), they claim that Berkshire's use of the ways, even if consistent with the scope of Berkshire's easement, is inconsistent with or places a burden upon the plaintiffs' easements. In *Western Mass. Elec. Co.*, we addressed the rights of a servient landowner in relation to the easement. *Id.* at 820 (need to "determine

whether a particular use by the servient owner is an inconsistent or materially interfering one"). In this case, Reed Rubin as owner of the fee is the servient landowner. The plaintiffs' claim with respect to overburdening is made against Berkshire which, like the plaintiffs, holds nonexclusive easement rights over the same way. The concept of overburdening applies most frequently when an easement holder has expanded the use of its easement to the detriment of a servient landowner. See *Southwick* v. *Planning Bd. of Plymouth*, 65 Mass. App. Ct. 315, 319 n.12 (2005). See also *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.*, 407 Mass. 123, 138-139 (1990); *O'Brien* v. *Hamilton*, 15 Mass. App. Ct. 960, 961-962 (1983); *Carmel* v. *Baillargeon*, 21 Mass. App. Ct. 426, 430-431 (1986).[12]

The obligation between those who hold separate or common easements over the same land is that they act reasonably in the exercise of their privileges so as not to interfere unreasonably with the rights of other easement holders. See Restatement (Third) of Property (Servitudes) § 4.12 comment b, at 626-627 (2000) ("[T]he holders of separate easements or profits in the same land must act reasonably to avoid unreasonably interfering with the enjoyment of other servitude holders, as well as with the servient estate"). "Their uses of the land are governed by equitable principles, namely, what is reasonable in the exercise of their respective privileges." *Shapiro* v. *Burton*, 23 Mass. App. Ct. 327, 334 (1987). This calls for a "balancing of their interests as holders of an easement in common." *Ibid.*

The summary judgment materials do not establish that Berkshire's easement is inconsistent with or unreasonably interferes with the plaintiffs' nonexclusive easement, and nothing in the materials properly raises a question of material fact regarding that issue. The plaintiffs do not claim that Berkshire's use of the easement, permitting it to invite the public onto the locus for the purpose of outdoor recreation, will prevent the plaintiffs' use of

---

[12]The plaintiffs' reliance on cases, brought to our attention by a letter filed pursuant to Mass.R.A.P. 16(1), as amended, 386 Mass. 1247 (1982), also misses the mark. There is here no question of the creation of a new right, as was the case in *Guleserian* v. *Pilgrim Trust Co.*, 331 Mass. 431, 436 (1954), or an easement use different from that which was intended, see *Southwick* v. *Planning Bd. of Plymouth*, 65 Mass. App. Ct. at 319 n.12, and *Lane* v. *Zoning Bd. of Appeals of Falmouth*, 65 Mass. App. Ct. 434, 440 (2006).

the right of ingress and egress across the ways. See *Deery* v. *Foster*, 15 Mass. App. Ct. at 567-569 (second easement holders' use of right of way for all of their property and temporary use by construction vehicles not inconsistent with first easement holders' right to pass and repass). The plaintiffs' assertions that the public's use of the ways to reach the locus will result in increased parking in their neighborhood and that they will be forced to bear increased costs of maintaining the ways and exposed to liability to third parties are not supported by appropriate summary judgment material; thus, no substantial interference has been shown that is based upon such increased costs or burdens.[13]

We agree with the motion judge that resolution of the question of the scope of the parties' respective easement rights does not depend upon whether the Declaration has expired,[14] or whether the Amendment to the Declaration regarding the easements is invalid. It is undisputed that Berkshire's easement over the ways was granted to it by deed from Reed Rubin and that the plaintiffs' deeds each contain a reference to the Declaration which states that their easement rights are "subject to the rights of Mountain, and all others to whom such rights have been or may be given and of the public, of ingress to and of egress from any such." See note 9, *supra*. See also *Downey* v. *H.P. Hood & Sons*, 203 Mass. 4, 12 (1909) (servient landowner had "constructive notice [of easement] by the recorded plan"); *Goldstein* v. *Beal*, 317 Mass. 750, 755 (1945) ("A plan referred to in a deed becomes a part of

---

[13]Our decision does not preclude a future claim by the plaintiffs for contribution to such costs should they arise. To the extent that a second easement holder's use unreasonably interferes with the use by the first easement holder, the second easement holder may be called upon to bear the additional costs. See, e.g., *Shapiro* v. *Burton*, *supra* at 333, citing *New York Cent. R.R.* v. *Ayer*, 242 Mass. 69, 75 (1922) ("duty of maintaining an easement in such condition and repair as may be necessary to its exercise normally rests upon the holder of the easement"); Restatement (Third) of Property (Servitudes) § 4.12 (where "A" is the second easement holder, "A must bear the expenses required to lower or strengthen the pipeline, or otherwise avoid the interference, because A's interest is later in time").

[14]Section 16 of the Declaration provides, in relevant part, that the "covenants, conditions, restrictions and reservations set forth herein . . . shall run [with] and bind the land and shall inure to the benefit of and be enforceable by Mountain or the owner or owners of any lot or lots, for a term of thirty (30) years" from the date the Declaration was recorded (December 14, 1970). Section 16 also provides for the amendment or extension of such restrictions.

the contract so far as may be necessary to aid in the identification of the lots and to determine the rights intended to be conveyed"). The parties do not dispute that their respective easements over the ways are perpetual[15]; as such, the perpetual easement granted to Berkshire is not dependent on the continued vitality of the Declaration or any purported amendment thereto.

3. *Other issues related to the Declaration and Amendment.* Although the judgment in favor of Berkshire was limited to the question whether Berkshire had the right to invite the public to use the subdivision ways to access the locus, the parties take the position that the judgment declared valid the Amendment to the Declaration.

The plaintiffs seek on appeal to challenge what they characterize as the Superior Court's entry of "declaratory relief affirming the Amendment in total." Their challenge is made, in part, in the context of their claim that the Amendment to the Declaration, which purports to remove a 35.54 acre parcel from the common property of the subdivision, will preclude their rights of enjoyment of the common property.[16] The plaintiffs seek a declaration that the Amendment is invalid.

Berkshire also appears to be of the view that the Amendment was judged to be valid, and the Rubin defendants take a similar position when they argue that removal of a 35.54-acre parcel from the common property of the subdivision was not an invalid taking because it was done pursuant to a valid amendment to the Declaration.

We do not agree that the motion judge declared the Amendment to be valid. First, as we have observed, no judgment addresses the issue.[17] Nor does the judge's February 28, 2007,

---

[15]The plaintiffs concede that "[t]he Common Property and the perpetual easements thereto are not 'covenants, conditions, restrictions [or] reservations.' They are perpetual, affirmative easements . . . ."

[16]Paragraph 9 of the Declaration provides, in part, that "the owner of any lot shall have a nonexclusive perpetual right and easement of enjoyment in and to the Common Property. . . ." See note 9, *supra.* The common property is defined as including the ways, a buffer zone, and a 35.54-acre parcel of land abutting the subdivision and the locus.

[17]Two judgments entered in this case. The first, dated March 2, 2007, "declares that Berkshire Natural Resources Council, Inc. has the right to invite members of the public to access the Property by using the Ways" and

memorandum of decision, referenced in the final judgment, resolve the question. In his memorandum of decision, the judge correctly noted that the easements over the ways were perpetual and that it was thus not necessary to reach the questions whether the Declaration had expired and the Amendment was invalid because it was adopted and recorded after expiration. Noting that no party had cited relevant case law, he made no rulings but commented as to what he was "inclined to believe" and further stated, "In any event, the plaintiffs have not persuaded me that they are entitled to a declaration that the Amendment (at least insofar as it pertains to the easements) is invalid." This statement does not amount to a determination that the Amendment is valid, and the judge issued no judgment declaring whether the Declaration has expired and whether purported amendments thereto are invalid. See *Leary* v. *Yacht Leasing Corp.*, 6 Mass. App. Ct. 961 (1978) ("Findings and Judgment" constituted order for judgment and was not appealable judgment under Mass.R.Civ.P. 58[a]).

Although we can conclude from this that no judgment declares whether the Declaration has expired and whether the purported Amendment thereto is valid, it is not entirely clear from the record or the parties' arguments what rights or duties of the parties remain to be defined by such a judicial declaration.[18]

In the plaintiffs' motion for summary judgment, they stated generally that they sought a declaratory judgment declaring that the Declaration had expired and that the Amendment to that Declaration, dated June 11, 2002, was invalid. In their opposition to Berkshire's summary judgment motion, they asserted that their

enters judgment "for the defendants on the plaintiffs' claims for injunctive relief and for money damages for trespass and nuisance." The second, entitled "Final Judgment," entered April 20, 2007, and provides: "1. The Order for Judgment on Finding by the Court entered on February 28, 2007 is incorporated herein and entered as a final judgment. 2. The Order on Judgment on motion to dismiss entered on April 20, 2007 is incorporated herein and entered as a final judgment." The referenced February 28, 2007, entry is the judge's memorandum of decision; Berkshire suggests that the judge meant to reference the judgment dated March 2, 2007.

[18]Although dismissal of the appeal might have been appropriate, we exercise our discretion to address the claims appealed from and briefed by the parties. See *Perini Corp.* v. *Building Inspector of N. Andover*, 7 Mass. App. Ct. 72, 79 n.12 (1979).

rights to enjoy the common property were affected by the Amendment, and they sought resolution of those rights.

Berkshire's summary judgment motion sought only a judgment regarding its use of the ways. As to the plaintiffs' claim of an invalid taking (which Berkshire agreed was a reference to the common property that included the 35.54-acre parcel), the claim was "totally separate from the main issue in this case." Berkshire further argued that because it was not a signatory to the Amendment, the claim could not be asserted against Berkshire. The motion judge apparently agreed.[19]

The Rubin defendants made no counterclaim, nor did they join in Berkshire's motion for summary judgment. On appeal, the Rubin defendants make only a conclusory assertion (offered without argument or citation to any authority) that the parties' voluntary dismissal of the plaintiffs' invalid taking claim precludes the plaintiffs from raising on appeal any issue pertaining to the validity of the Amendment that purports to remove the 35.54-acre parcel from the common property.

If, as all parties maintain, the judge declared the Amendment to be valid in all respects, we would now have before us the question whether that was correct as matter of law, and our resolution of that issue would encompass resolution of the question of

---

[19]The stipulation of dismissal appears to have been made in response to the following comments in the motion judge's memorandum of decision:

> "[T]he plaintiffs include in Paragraph 47 of their amended complaint a claim for 'invalid taking of land,' which is based upon that portion of the Amendment which provides for the removal of certain land from Common Property. That claim has nothing to do with [Berkshire], as the plaintiffs have not demonstrated that [Berkshire] was in any way responsible for the provisions of the Amendment. . . . The plaintiffs argue in their cross motion for summary judgment that the Amendment is invalid and unenforceable, but their argument appears to be directed entirely to the issue of the easements and not to the alleged invalid taking. Accordingly, I am unable to determine at this point whether any party is entitled to summary judgment on the invalid taking claim."

The judge then went on to state that he was "at a loss to understand against which defendants the invalid taking claim is being asserted." He gave the parties leave to file an additional motion for summary judgment, but "[i]f no party files such a motion, or if the Court determines that summary judgment on that one remaining claim is inappropriate, the matter shall proceed to trial on that claim only."

the plaintiffs' enjoyment of the common property. Moreover, to the extent that all parties are in agreement that the parties' rights under the Amendment had been declared, their subsequent stipulation dismissing the so-called invalid taking claim might be seen as limited to the narrow claim of damages for invalid taking, and not as encompassing the request for a declaration regarding validity of the Amendment.[20]

In the face of this uncertainty, we think that the judge should revisit the issue and enter a judgment declaring whether the Declaration has expired and whether the Amendment to the Declaration is valid insofar as it seeks to remove the 35.54-acre parcel from the common property.

4. *Dismissal of trespass and nuisance claims.* Because, as we have observed, Berkshire's easement permits it to invite the public over the ways, and because the plaintiffs have failed to establish by appropriate summary judgment materials that Berkshire's easement is inconsistent with that of the plaintiffs, their claims of trespass and nuisance were properly dismissed. See *Lane* v. *Zoning Bd. of Appeals of Falmouth*, 65 Mass. App. Ct. 434, 440 (2006) ("While continuous use of an easement in ways that diminish the value of adjoining property, or that unreasonably disturb the use of such property by the owners thereof, may sink to the level of an actionable nuisance . . . such a conclusion requires proof of facts by the parties who seek to limit use of the easement. Such proof is absent here").

*Conclusion.* We affirm the judgment declaring that Berkshire's easement allows it to invite the public to use the subdivision ways to access the locus and dismissing the plaintiffs' claims. On the parties' requests for declaratory judgment as to whether the Declaration filed in connection with the subdivision plan has expired and the purported Amendment thereto is invalid, we remand for further proceedings consistent with this opinion.

*So ordered.*

---

[20]The plaintiffs argue that their " 'invalid taking' claim at best constituted a vague tort claim which lacked a specific defendant," and that their claim of a right to enjoy the common property is distinct from this.